IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADAM WADE PARSONS,

    Petitioner,        No. CIV S-05-0006 LKK KJM P

  vs.

TOM CAREY (Warden),[1]

    Respondent.        <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

      Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss, arguing that the petition was not filed within the AEDPA statute of limitations.

I. <u>Background</u>

      Petitioner was convicted in Butte County in 1994 and 1995 on assault, burglary and escape charges and sentenced to a term of thirteen years to be followed by a term of twenty-five-years-to-life. Lodged Document (Doc.) 1. The convictions were affirmed on appeal in August 1996 and the California Supreme Court denied review on November 13, 1996. Docs. 2 & 4.

---

[1] At respondent's request, the court substitutes Tom Carey, Warden of California State Prison, Solano, where petitioner is now incarcerated, as respondent. Fed. R. Civ. P. 25(d)(1).

1

On October 23, 1997, petitioner filed a petition for a writ of habeas corpus in Butte County Superior Court. Doc. 5. This petition, consolidated with a motion to strike one of petitioner's "strikes" under People v. Superior Court (Romero), 13 Cal.4th 497 (1996), was denied on June 14, 2000. Doc. 7. Petitioner appealed to the Court of Appeal. Appointed counsel filed a "no issues" brief under the authority of People v. Wende, 25 Cal.3d 436 (1979) and the decision was affirmed on June 22, 2001. Doc. 10. The subsequent petition for review was denied on September 26, 2001. Doc. 12.

On January 8, 2002, petitioner filed a second habeas petition in Butte County Superior Court; it was denied on July 8, 2003. Docs. 13 & 14. Petitioner, through appointed counsel, filed a notice of appeal on July 24, 2003. Doc. 15. On August 21, 2003, the Court of Appeal issued the following order:

> On the court's own motion, the appeal filed July 24, 2003, is dismissed because it is taken from a nonappealable order. (In re Crow (1971) 4 Cal.3d 613, 621, fn. 8.)

Doc. 16.

Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court on November 18, 2003. Doc. 17. The court denied the petition on September 15, 2004, citing In re Robbins, 18 Cal.4th 770, 780 (1998). Doc. 18.

The instant petition was filed on January 3, 2005.

II. <u>The Statute Of Limitations And Tolling During State Proceedings</u>

One of the changes the Antiterrorism and Effective Death Penalty Act (AEDPA) made to the habeas statutes was to add a statute of limitations for filing a habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

      (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

      A conviction is final for purposes of the AEDPA statute of limitations at the expiration of the ninety day period for seeking certiorari, which was February 12, 1997 in this case. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The limitations period began to run on February 13, 1997 and would have expired on February 14, 1998. Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the calculation of the time).

      The statute of limitations is tolled during the pendency of any "properly filed" state collateral attack on the judgment. Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999). In Carey v. Saffold, 536 U.S. 214, 218-21 (2002), the Supreme Court held that the AEDPA statute of limitations is tolled not only between the actual filing and decision on a writ, but also during those periods between filings as a petitioner works his or her way "up the ladder" through higher courts to complete "one full round" of state court review of claims. Id. at 217, 219-20.

      Petitioner filed his first habeas petition on October 23, 1997, which stopped the statute of limitations "clock" on day 253 of the limitations period. The time was tolled through October 26, 2001, the day when the California Supreme Court's denial of the petition for review of this underlying proceeding was final. See Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir.

1  2001). Accordingly, the 112 days remaining in the limitations period began to run again on October 27, 2001, and would have expired on February 16, 2002 without further tolling.

However, on January 8, 2002, petitioner filed a second habeas petition in Butte County Superior Court. Although respondent appears to concede that the limitations time was tolled during the pendency of this petition, he argues that petitioner was not entitled to the time between the finality of the first round of collateral review and the filing of the second petition in Butte County Superior Court. MTD at 6; Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003).

Recently, the Ninth Circuit has suggested a somewhat broader view of tolling might be available even when a prisoner is not moving in a straight line from Superior Court to the Supreme Court, where, as here, the intervals between state filings are not unduly long and the claims in separate petitions are overlapping. Gaston v. Palmer, 417 F.3d 1030 (9th Cir. 2005) (habeas action may be "pending" even during a series of intervals between "non-ascending" petitions).[2] Even assuming the application (and continuing validity) of Gaston, however, the instant case is not timely.

In Artuz v. Bennett, 531 U.S. 4 (2000), the Supreme Court noted that a petition is filed "when it is delivered to, and accepted by, the appropriate court officer for placement into the official record." Id. at 8. The court determined that such a petition is "properly filed" for § 2244(d)(2) purposes "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Id. In this case, the state Court of Appeal rejected petitioner's attempt to appeal the denial on the ground that the order was not appealable, citing In re Crow, 6 Cal. 3d 613, 621 n.8 (1971) ("the prisoner cannot assert any right to appeal the denial of his petition for writ of habeas corpus. . . . Since the petitioner cannot appeal, his remedy lies in the petition for habeas corpus to a higher court"). The Court of Appeal thus refused to accept the

/////

---

[2] Some of the Gaston court's conclusions appear to have been undermined by Evans v. Chavis, ___ U.S. ___, 126 S.Ct. 846 (2006).

notice of appeal because it was not "in compliance" with the procedural rules for seeking review of habeas petitions.

Moreover, petitioner's subsequent writ petition in the California Supreme Court was denied with a pinpoint cite to the page in <u>In re Robbins</u>, 18 Cal.4th at 780, that discusses the timeliness requirements for state habeas petitions. This determination that the writ was untimely means it was not "properly filed" and could not toll the statute of limitations. <u>Pace v. DiGuglielmo</u>, ___ U.S. ___, 125 S.Ct. 1807, 1812 (2005).

Accordingly, even if petitioner was entitled to tolling through the July 24, 2003, filing of the notice of appeal from the denial of his second superior court petition, the 112 days remaining in the statute of limitations began to run again on July 25, 2003 and expired on November 14, 2003. The instant petition is not timely unless petitioner is entitled to equitable tolling, a new statute of limitations, or some other relief from the underlying rulings.

III. <u>Equitable Tolling</u>

The Ninth Circuit has held:

> We will permit equitable tolling of AEDPA's limitations period only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.

<u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999) (internal quotations and citations omitted). It is a habeas petitioner's burden to establish his entitlement to equitable tolling. <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002).

Petitioner argues he is entitled to equitable tolling because his two appointed appellate lawyers failed to inform him how to file a federal petition and the lawyer appointed on the second Butte County writ filed a notice of appeal when he should have advised petitioner to pursue a new writ petition in the Court of Appeal. Petitioner also faults habeas counsel for not

/////

advising him how to perfect further challenges in the California Supreme Court and federal court. Opposition (Opp'n) at 11-13.

State appellate counsel were appointed only to pursue petitioner's remedies in the state Court of Appeal and Supreme Court, not to advise petitioner about further challenges to his conviction; he "had no right to that advice." Miranda, 292 F.3d at 1068. Moreover, there is no right to appointed counsel in state post-conviction proceedings and accordingly, no right to the effective assistance of such counsel. Id.; see also Miller v. Keeney, 882 F.2d 1428, 1431-32 (9th Cir. 1989).

Even if counsel had an obligation to assist petitioner with filings outside the scope of appointment, petitioner still is not entitled to equitable tolling. In Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001), the court held that counsel's negligence in miscalculating the filing date for a federal petition "in general do[es] not constitute extraordinary circumstances sufficient to warrant equitable tolling." See also Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (attorney's miscalculation not basis for equitable tolling). Counsel's failure to advise petitioner or to pursue further relief after the denial of the second Butte County habeas is negligent, if error at all.

Finally, petitioner has not suggested how the purported lack of advice or improper attempt to appeal the denial of the second state habeas petition made it impossible for petitioner to pursue his remaining state or federal remedies in a timely fashion. Petitioner's status as a litigator in pro per is an insufficient basis for equitable tolling. Neither an inmate's ignorance of the law nor his pro se status are the sort of extraordinary events upon which a finding of equitable tolling may be based. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (ignorance of the law); Donovan v. Maine, 276 F.3d 87, 94 (1st Cir. 2002) (pro per status).

IV. Adequacy Of The Timeliness Ruling

Petitioner presents a long and elaborate analysis of the independent and adequate nature of the timeliness bar as developed in the law of procedural default. Opp'n at 17-74. If a

habeas petitioner has failed to comply with state procedures and thus not obtained a ruling on the merits of a claim, a federal court will not consider the claim in a habeas petition if the procedural bar is adequate and independent. If a petitioner can show cause for the default and prejudice from the error, the court may consider the claim in a habeas petition. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Timeliness, with a citation to Robbins, 18 Cal.4th at 780, can be a procedural bar in habeas cases. See Park v. California, 202 F.3d 1146, 1153 n.4 (9th Cir. 2000).

The congruence between the two doctrines cannot be taken as far as petitioner suggests, at least as the law now stands. Pace held that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace, __ U.S. __, 125 S.Ct. at 1812. It did not suggest that a district court should undertake the sort of inquiry pursued in the context of a procedural default.

Moreover, in Bonner v. Carey, 425 F.3d 1145, 1447 (9th Cir. 2005), the Ninth Circuit considered the application of Pace to a petition that had been denied for a number of reasons, including successive presentation of some claims and timeliness. Generally, a procedural bar is not "adequate" when it is unclear what claims are subject to the bar. Calderon v. U.S. Dist. Court for Eastern Dist. of California, 96 F.3d 1126, 1131 (9th Cir. 1996). In Bonner, however, the Court of Appeals found the finding of untimeliness to "determine[] the outcome" of the case. It did not find that the state court's reliance on two different procedural grounds to deny the writ had any impact on the untimeliness finding for the purpose of statute of limitations analysis. Bonner, 425 F.3d at 1147.

Accordingly, the court will not consider plaintiff's attack on the adequacy of the timeliness finding nor consider whether any alleged problems in applying untimeliness as a procedural bar undercut applying untimeliness as a determinant of proper filing.

V. Newly Discovered Factual Predicate

Under § 2242(d)(1)(D), a new limitations period begins to run on the date when the factual predicate for the claim "could have been discovered through the exercise of due

diligence." Petitioner suggests that the Ninth Circuit's decision in <u>Andrade v. Attorney General of the State of California</u>, 270 F.3d 743 (9th Cir. 2001), issued on November 2, 2001, provides him with such a factual predicate. Opp'n at 16. <u>Andrade</u> has been reversed by the Supreme Court. <u>See</u> <u>Lockyer v. Andrade</u>, 538 U.S. 63 (2003). The Ninth Circuit has held, moreover, that a "decision establishing an abstract proposition of law arguably helpful to the petitioner's claim does not constitute the 'factual predicate' for that claim." <u>Shannon v. Newland</u>, 410 F.3d 1083, 1089 (9th Cir. 2005), <u>cert</u>. <u>denied</u>, __ S.Ct. __, 74 U.S.L.W. 3460, 74 U.S.L.W. 3471 (2006). Even if <u>Andrade</u> were still good law, it would not give rise to a new limitations period for petitioner.

VI. <u>Application Of Pace's New Rule Of Law</u>

Petitioner argues that application of <u>Pace</u> to his case is barred by the principle of <u>Teague v. Lane</u>, 489 U.S. 288, 310 (1989) (plurality opinion), which held "new constitutional rules of criminal procedure will not be applicable to those cases which had become final before the new rules are announced." Opp'n at 74-77. <u>Teague</u> may be used by the state, but not by petitioner, as a shield. <u>Moore v. Anderson</u>, 222 F.3d 280, 285 (7th Cir. 2000).

VII. <u>Actual Innocence</u>

Relying on a number of exhibits to his habeas petition, petitioner argues that his actual innocence of the assault and burglary charges permits this court to consider the merits of his case even though his petition may be time-barred.[3] Opp'n at 78-79.

In <u>Schlup v. Delo</u>, 513 U.S. 298, 314-15 (1995), the Supreme Court held that a habeas petitioner who makes "a colorable showing of actual innocence" that would implicate a "fundamental miscarriage of justice" may be entitled to have "otherwise barred constitutional claim[s]" considered on the merits. The Ninth Circuit has suggested that a sufficient <u>Schlup</u> showing might overcome the bar of the statute of limitations. <u>Majoy v. Roe</u>, 296 F.3d 770, 775-

---

[3] Petitioner has not suggested he is actually innocent of the escape charge.

76 (9th Cir. 2002). Ultimately, it is petitioner's burden to demonstrate actual innocence. Jaramillo v. Stewart, 340 F.3d 877, 883 (9th Cir. 2003).

The Supreme Court has recognized that this exception to the statute of limitations is concerned with actual, as opposed to legal, innocence and must be based on reliable evidence not presented at trial. Schlup, 513 U.S. at 324; Calderon v. Thompson, 523 U.S. 538, 559 (1998). A petitioner's own "late-offered testimony is not 'new' because it was available at trial," nor is a mere "repackaging of the record as presented at trial." Hubbard v. Pinchak, 378 F.3d 333, 340-41 (3d Cir. 2004), cert. denied sub nom. Hubbard v. Moore, 543 U.S. 1070 (2005).

Once petitioner has presented such evidence, a court must consider the new evidence in light of the evidence as a whole, and must determine whether in light of all the evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. Doe v. Menefee, 391 F.3d 147, 166 (2d Cir. 2004), cert. denied, ___ U.S. ___, 126 S.Ct. 489 (2005). The same standard is applied even when, as here, the conviction is based on a plea. United States v. Torres, 163 F.3d 909, 912 n.15 (5th Cir. 1999).

Petitioner pleaded no contest to assault and burglary charges[4] and was convicted of escape following a jury trial. Petitioner summarizes the facts underlying the assault and burglary charges as follows:

> Count I. Eric Miller was assaulted on January 5, 1993, while standing on a street corner in Chico. He reported that he was hit on the head by a baseball bat. He gave the police a description and license plate of the assailant's car. The car belonged to petitioner's parents. Mr. Miller identified petitioner from a photo lineup seven months after the attack.
>
> Count II. During the early morning of June 10, 1993, two witnesses saw the front window of a P.D.Q. Market in Chico broken and several young men standing near the store. When they approached the market four young men were in the store. The two men ran accross [sic] the street into an orchard; two men walked away from the market. One of the men, identified by the witness

---

[4] Petitioner pleaded no contest while denying his guilt under North Carolina v. Alford, 400 U.S. 25 (1970). Petition, Attached Mem. P. & A. (Attach.) at 12.

9

> as petitioner, pulled a gun and told witnesses to leave or he would shoot them.
>
> Count III.  On July 22, 1993, Lazaro Santander, was assaulted at the Safeway parking lot in Chico.  He suffered a severe head injury.  After recuperating from his injuries he identified petitioner from a photo lineup as the individual responsible for beating him with a baseball bat.
>
> Count IV.  On July 24, 1993, Jonnie Cole was injured in a fight at a Taco Bell in Chico.  He reported that he was hit and kicked by several young men including petitioner.
>
> Count V.  Jacob Honan was stabbed in the chest and upper right arm after on July 24, 1993, while sitting in the front seat of a car stopped at a traffic light.  Petitioner's palm print was found on the victim's car.

Attach. at 14-15.

Petitioner has submitted a declaration from his father, who avers that petitioner and his friend Sean Henninger were at the parents' home on June 10, 1993, the night of the P.D.Q. Market burglary. Pet., Ex.  6 ¶¶ 5-6.  Petitioner's father also explains how he had disconnected the distributor cap of a pick-up truck described by the victim of the Safeway assault and had to reconnect it on the morning of July  22.  Id., Ex. 6 ¶¶ 14-15.

Petitioner's mother  avers that petitioner and several friends were in her living room, apparently having slept on the floor on the night of the Safeway assault. Pet., Ex. 7 ¶ 3. Petitioner's mother concedes, however, that on January  5, 1993,  petitioner was driving the BMW whose license plate Miller provided to police. Pet., Ex. 7 ¶ 7.

Petitioner has attached a declaration from the mother of his child, Lydia Orner, who avers that Parsons and a friend picked her up around 1:00 a.m. on the evening of July 21-22, 1993.  The group went to Parsons' home, where they spent the night. Pet., Ex. 9 ¶¶ 5-10.

In addition, he has provided a declaration from Aimee Barrow (nee George), a witness to the Safeway assault in the early morning hours of July 22.  Barrow avers that she did not identify petitioner as the person who assaulted Santander, even though she is reported to have

done so in the police report. Barrow says she knows petitioner and did not see him among the group assaulting Santander. Pet., Ex. 18 ¶¶ 2, 6.

Finally, petitioner has submitted several additional statements, some unsworn, of people who were with him at the Taco Bell on July 24, 1993. They concede that petitioner was in a fight with Cole, but say that Cole was the aggressor. Pet., unnumbered exhibits (statement of Tony DeLuca III and interview with William Bates).

This evidence does not satisfy the Schlup standard. Although the various declarations cast some doubt on petitioner's participation in the offenses, his mother's concession that petitioner was driving the BMW that the victim of the January 5 assault identified and his friends' admissions that he had indeed fought with Jonnie Cole on July 24 undercut the utility of this evidence. He has presented nothing suggesting that any of the victims had a motive to implicate him in any of the offenses. In light of the victims and witnesses' identifications of petitioner, his palm print on Honan's car, and his own witnesses' concession that he fought with Cole, the court cannot say it is more likely than not that a reasonable juror would have not have found him guilty.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

/////
/////
/////
/////
/////

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within five days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 7, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2/pars0006.157