IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADAM WADE PARSONS,

        Petitioner,                    No. CIV S-05-0006 LKK KJM P

    vs.

TOM CAREY, Warden,

        Respondent.               ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  On June 22, 2006, Judgment was entered in this court denying the petition.  On August 30, 2006, petitioner filed a Notice of Appeal.[1]  On October 10, 2006, petitioner filed a motion for an extension of time in which to file his request for a certificate of appealability.

        Before petitioner can appeal this decision, a Certificate of Appealability must issue.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Federal Rule of Appellate Procedure 22(b) requires the district court judge who rendered a judgment denying such petition to "either issue a certificate of probable cause or state the reasons why such a certificate should not issue."

---

[1] The notice of appeal was originally filed in the Ninth Circuit; it was filed in this court on September 1, 2006.

1

1   The timely filing of a notice of appeal is a jurisdictional requirement. <u>Scott v. Younger</u>, 739 F.2d 1464, 1466 (9th Cir.1984). Here, the time limit for filing a notice of appeal following entry of judgment is thirty days. <u>See</u> Fed. R. App. P. 4(a). Petitioner's Notice of Appeal in this action was filed more than thirty (30) days after entry of Judgment. Moreover, even if the court deems his October 10 request to be seeking additional time in which to file the notice of appeal, it would still not be timely. Under Fed. R. App. P. 4(a)(5), a motion for an extension of time must be filed within thirty days after the time for filing the notice of appeal has expired and must be based on a showing of excusable neglect. <u>Malone v. Aventi</u>, 850 F.2d 569, 572-73 (9th Cir. 1988). There is no exception to these rules for pro se litigants. <u>Id</u>. at 572.

The United States Court of Appeals for the Ninth Circuit has held that the issuance of a certificate of probable cause cannot vest the court of appeals with jurisdiction if jurisdiction is not proper in that court. <u>Hayward v. Britt</u>, 572 F.2d 1324, 1325 (9th Cir. 1978). The rationale of <u>Hayward</u> applies with equal force to a certificate of appealability. For these reasons, the court declines to issue a Certificate of Appealability.

IT IS SO ORDERED.

DATED: October 27, 2006.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT